229 F.2d 370
 GLENS FALLS INDEMNITY COMPANY, a corporation, Appellant,
v.
UNITED STATES of America, At the Relation of and to the Use of WESTING-HOUSE ELECTRIC SUPPLY COMPANY, Wm. Radkovich Company, Inc., et al., Appellees.
 No. 13606.
 United States Court of Appeals Ninth Circuit.
 June 7, 1955.
 As Amended on Denial of Rehearing February 13, 1956.
 
 John E. McCall, George B. T. Sturr, Albert Lee Stephens, Jr., J. Harold Decker, Los Angeles, Cal., for appellant.
 
 
 1
 Anderson, McPharlin & Conners, Los Angeles, Cal., for appellee Wm. Radkovich Co., Inc.
 
 
 2
 Glen Behymer, Los Angeles, Cal., for appellee Westinghouse Electric Supply Co.
 
 
 3
 Before HEALY and POPE, Circuit Judges, and BOLDT, District Judge.
 
 
 4
 BOLDT, District Judge.
 
 
 5
 By a contract with the United States dated June 19, 1947 Radkovich Co. agreed to construct one hundred poured concrete houses for the Army Airfield at Muroc, California. The appellee insurance companies issued for Radkovich Co. a payment bond conditioned as required by the Miller Act, 49 Stat. 793, 40 U.S.C.A. § 270a. By a subcontract dated July 30, 1947 Woolley contracted with Radkovich to perform the electrical work in the construction of the houses specified in the prime contract and to furnish the labor and materials for such work. Appellant Glens Falls issued separate subcontract performance and payment bonds running to Radkovich for Woolley as principal. After various difficulties and delays Woolley completed the electrical work but failed to pay in full for materials furnished him by Westinghouse and used in the work.
 
 
 6
 As authorized by the Miller Act, Westinghouse, suing in the name of the United States, brought action in the district court to recover the unpaid balance due from Woolley for the materials furnished, naming Radkovich Co., its sureties, and Woolley as defendants. Radkovich Co. and its sureties answered and also served and filed a pleading, designated as a cross-claim against Woolley and his surety Glens Falls, asserting that if Radkovich Co. and its sureties were liable to Westinghouse, then Woolley and his surety Glens Falls were liable in like amount to Radkovich under the subcontract performance and payment bonds. Thereafter Woolley served and filed a cross-claim in the name of the United States against Radkovich Co. and its sureties wherein recovery was sought for labor and materials furnished by Woolley to Radkovich for the construction of the houses referred to.
 
 
 7
 At the trial extensive documentary evidence was admitted and testimony taken covering numerous disputed details of the transactions between Radkovich and Woolley, the difficulties and exigencies of the construction work and the actions taken with respect thereto by the parties. When the admission of evidence was concluded, at the suggestion of counsel, a transcript of the record was ordered for the use of the court and time allowed for submission of briefs. Thereafter additional oral evidence was submitted following which the trial court made and entered a written memorandum covering 60 pages of the record on this appeal wherein every minute factual question and every law point raised by the parties was analyzed and discussed in great detail. Various factual and legal questions were again presented by counsel in the settlement of the findings, conclusions and judgment.
 
 
 8
 The judgment awarded recovery to Westinghouse against Radkovich Co. and its sureties in the total sum of $35,977.13. Judgment over in like amount against Woolley and Glens Falls was granted to Radkovich Co. and its sureties. Woolley was allowed recovery upon his cross-claim against Radkovich Co. and its sureties in a total of $16,198.91 for unpaid balance on the subcontract, extras not included in the subcontract and for damages due to delay. The judgment provided that Glens Falls be entitled to offset the full amount of Woolley's recovery against Radkovich from the award to Radkovich Co. and its sureties against Glens Falls. These provisions of the judgment left a substantial balance payable by Woolley and Glens Falls.
 
 
 9
 Glens Falls alone appeals from the judgment. Appellant's contentions may be generally summarized: (1) that the district court did not have jurisdiction of the controversy raised by the Radkovich cross-claim; (2) that Radkovich and sureties neither pleaded nor proved a basis for recovery on either performance or payment bond of Glens Falls; (3) that in any event Glens Falls could only be liable on the payment bond, precedent to recovery on which were conditions of the performance bond which were unperformed by Radkovich; (4) that Glens Falls was released from liability to Radkovich because the subcontract was materially altered in various particulars without the consent of Glens Falls; (5) that the finding that Glens Falls' affirmative defenses were not established was unsupported by the evidence; and (6) that the judgment charged Glens Falls with liability for extras outside the subcontract. Several points are urged under each of these contentions.
 
 
 10
 In most instances the points urged either involve only questions of fact or are based on assertions of fact contrary to the findings of the trial court. It is not the function of this court to retry cases on appeal. Findings of fact by the trial court are presumptively correct and will not be set aside unless clearly erroneous. F.R.Civ.P. Rule 52 (a), 28 U.S.C.A. An appellant's mere challenge of a finding does not cast the onus of justifying it on this court. The party seeking to overthrow findings has the burden of pointing out specifically wherein the findings are clearly erroneous. Appellant has not carried the burden as to any particular challenged finding sufficiently to require or justify a detailed analysis of the evidence, particularly in view of the exhaustive study and discussion of the facts contained in the trial court's written memorandum. United States v. Foster, 9 Cir., 1941, 123 F.2d 32; Anderson v. Federal Cartridge Corp., 8 Cir., 1946, 156 F.2d 681; Vol. 2 Barron and Holtzoff Federal Practice and Procedure, Sec. 1131, page 831. All of the points urged by appellant under the three general contentions last stated above are based, ultimately, on challenges of the trial court's findings of fact. These findings have been compared to the record and clearly are not erroneous.
 
 
 11
 Jurisdiction in the district court to hear and determine the claim of Westinghouse against Radkovich Co. and its sureties was granted by the express provisions of the Miller Act, 49 Stat. 793, 40 U.S.C.A. § 270b. F.R.Civ.P. Rule 13(g) (Counterclaim and Cross-Claim) provides that one party may assert against another party any claim "arising out of the transaction or occurrence that is the subject matter * * * of the original action". The rule further provides, "Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Rule 14 (Third-Party Practice) provides that a defendant may bring in as a new party a person "who is or may be liable to him [defendant] for all or part of the plaintiff's claim against him." The claim of Radkovich Co. and its sureties as to Woolley was a cross-claim under Rule 13(g) and as to Glens Falls was a third-party claim under Rule 14. Claims under either rule must arise out of the transaction or occurrence on which the original action is based and, as indicated by the italicized words, can be asserted even if liability is only contingent or a mere possibility.
 
 
 12
 It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter.[1] "Ancillary" means auxiliary, accessorial or subordinate. Rutherford v. Pennsylvania Greyhound Lines, D.C.Ohio, 7 F.R.D. 245, 249; United Engineering & Foundry Co. v. Cold Metal Process Co., D.C.Pa., 92 F.Supp. 596, 599; Saunders v. Baltimore & Ohio R. Co., D.C.S.D.W.Va., 1945, 63 F.Supp. 705, 707. Ancillary claims may be entertained "to prevent the relitigation in other courts of the issues heard and adjudged in the original suit". Pell v. McCabe, 2 Cir., 1919, 256 F. 512, 515. Therefore, if either a cross-claim under Rule 13 or a third-party claim under Rule 14 does arise out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, no independent basis of jurisdiction for the cross-claim or third-party claim need be alleged or proved. Vol. 1 Barron and Holtzoff, Sec. 424, page 841, and many cited cases.
 
 
 13
 Appellant urges that only claims on Miller Act bonds and issues directly related thereto may be litigated in cases where jurisdiction is derived from that Act.[2] Such rule, if applied as appellant says is required, would deny ancillary jurisdiction in Miller Act cases. In the present case the question is: Did the claim of Radkovich Co. and its sureties against Woolley and Glens Falls arise out of the subject matter of the original Westinghouse action with the same persons and issues involved? The Radkovich sureties could be liable under their Miller Act bond only if the Westinghouse materials furnished to Woolley were authorizedly purchased for and actually went into work specified in the prime contract and were not paid for. Determination of that subject matter required adjudication of issues concerning the Woolley subcontract, the work required and performed thereunder, the character and extent of materials furnished, the amount of nonpayment and the contentions of Radkovich, Woolley and their sureties concerning these matters. The Radkovich claim was limited to the same elements of the same subject matter, since the only relief sought on the Radkovich claim was judgment over against Woolley and Glens Falls in the event liability of Radkovich Co. and its sureties to Westinghouse be established. The Radkovich claim, both as to Glens Falls and Woolley, was ancillary to the original Westinghouse action and therefore within the jurisdiction of the district court.
 
 
 14
 Appellant contends that the statement of the Radkovich claim did not show the claimants entitled to relief because it was not alleged (1) that Radkovich complied with the subcontract or that Woolley failed to perform it; (2) that Radkovich performed conditions precedent contained in the performance bond; and (3) that either Radkovich Co. or its sureties had actually paid any part of the Westinghouse claim. These contentions entirely overlook the provisions of Rules 13 and 14 which authorize the assertion of cross-claims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff. It was not necessary for Radkovich to admit liability or plead payment based on liability to Westinghouse in order to state a claim wholly contingent on such liability. As authorized by the rules referred to, the Radkovich claim prayed relief only if claimants be held liable to Westinghouse. The pleading contained a short and plain statement of the claim showing the pleader entitled to relief on the contingency stated as required by F.R.Civ.P. Rule 8(a). In any event, Glens Falls made no attack on the pleadings in the court below by motion before, during or after the trial, and it appears from the record that the issues between the parties were clearly recognized and fully litigated. Under the circumstances F.R. Civ.P. Rule 15(b) is applicable and the issues actually tried will be deemed those raised in the pleadings.
 
 
 15
 Appellant asserts that the Glens Falls payment bond was a contract of indemnity against loss only and did not also provide indemnity against liability. Based on that assertion it is contended that no recovery on the payment bond could be awarded until after actual payment by Radkovich Co. or its sureties of a loss for which indemnity was provided by the bond. As shown above, a pleading of payment was not required because of the provisions in Rules 13 and 14. Appellees contend that the same rule provisions allow acceleration of accrual of claim to prevent circuity of action even if the payment bond provides indemnity against loss only, citing to such effect: Glens Falls Indemnity Co. v. Atlantic Building Corp., 4 Cir., 1952, 199 F.2d 60; McLouth Steel Corp. v. Mesta Machine Co. (Hartford Accident & Indemnity Co.), D.C., 116 F.Supp. 689; Bill Curphy Co. v. Lincoln Bonding & Ins. Co. (Bornemeier), D.C., 13 F.R.D. 146 and cases cited therein. Determination of this contention is not necessary under the circumstances of this case since in a closely similar situation in Alberts v. American Casualty Co., 1948, 88 Cal.App.2d 891, 200 P.2d 37 the contract was held to indemnify against liability. We apply the same interpretation of California law to the Glens Falls payment bond in the present case.
 
 
 16
 Glens Falls further denies liability under the payment bond on the assertion that such bond must be construed with the performance bond and that conditions precedent named in the performance bond are applicable to the payment bond. Each of the bonds was a separate and distinct surety undertaking of Glens Falls and each was intended for a distinct and separate purpose. The reason for and purpose of the conditions in the performance bond have no necessary relationship to the payment bond and accordingly are not applicable thereto although both bonds were issued by the same surety for the same principal and related to the same contract.
 
 
 17
 The issue of failure of performance of conditions precedent was not specifically raised by the pleadings or urged at the trial below. Considering the nature of the case and the multiple issues framed and litigated by the parties, the findings and conclusions fully determined every substantial question of fact and law presented. The question of performance by Radkovich was completely litigated. Issues actually tried are deemed raised in the pleadings. Federal Rules of Civil Procedure, Rule 15(b).
 
 
 18
 The Glens Falls performance bond indemnified Radkovich against a failure by Woolley to fully perform the subcontract. Under the subcontract Woolley was required to accomplish specified electrical work and to furnish the labor, materials and equipment used in performing such work. Woolley's contractual obligations included making timely and full payment for materials going into the work. The electrical work of the subcontract was completed but Woolley did not fully and promptly pay for the materials furnished by Westinghouse. This was just as much a breach of performance of the contract as if the electrical work specified in the contract had not been completed.
 
 
 19
 "A bond which undertakes to guarantee the faithful performance of a subcontract to furnish all necessary labor and materials for a specified portion of a structure implies a promise to pay for such labor and materials so furnished. It is unreasonable to hold the obligation is fulfilled by the mere supplying of the labor and materials. [Citing cases.]" Pacific States Electric Co. v. United States Fidelity & Guaranty Co., 1930, 109 Cal.App. 691, 293 P. 812, 813.
 
 
 20
 Appellant was liable for Woolley's failure to pay for the Westinghouse materials under the performance bond as well as under the payment bond.
 
 
 21
 The judgment is affirmed in entirety.
 
 
 
 Notes:
 
 
 [1]
 "A District Court acquires jurisdiction of a case or controversy as an entirety, and hence may, as an incident thereto, possess jurisdiction of matters of which it would not otherwise have cognizance were they independently presented
 "If the court has jurisdiction of the principal action, it also has cognizance of any ancillary proceeding therein, regardless of the citizenship of the parties, the amount in controversy or any other factor that would ordinarily determine jurisdiction.
 * * * * * * * * *
 "A cross-claim, cross-bill or counterclaim is considered ancillary to an action within the jurisdiction of a district court if it is necessary to a complete disposition of the subject matter of the controversy and to the protection of the rights involved. Another statement of the rule is that a counterclaim is ancillary if it arises out of the transaction which is the subject matter of the main action." Vol. 1 Barron and Holtzoff Federal Practice and Procedure, Sec. 23, page 43.
 
 
 [2]
 Lack of jurisdiction in the district court was not suggested to that court and the contention is first raised on appeal