BAKER & FORD CO., a corporation, and The Fidelity and Casualty Company of New York, a corporation, Appellants,

v.

UNITED STATES of America for the Use and Benefit of URBAN PLUMBING & HEATING CO., a corporation, Appellee.

No. 20384.

United States Court of Appeals Ninth Circuit.

July 19, 1966.

Rehearing Denied Aug. 30, 1966.

Mike Stepovich, Fairbanks, Alaska, Bruce T. Rinker, Bellingham, Wash., for appellants.

Donald McL. Davidson, William B. Moore, Seattle, Wash., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BOWEN, District Judge.

PER CURIAM:

This appeal is from the District Court's judgment against appellants in favor of appellee in proceedings as to the main action, under the Miller Act (40 U.S.C.A. §§ 270a–270e) and, as to one relatively small item against only appellant Baker & Ford Co., under that Court's ancillary jurisdiction.

Appellant Baker & Ford Co. (sometimes herein called Baker) had the prime contract of April 1, 1959 with the United States Defense Department through its contracting Corps of Engineers to construct at Clear, Alaska composite building No. 1 consisting of two dormitory wings with eating and recreational facilities between those wings. Appellant The Fidelity and Casualty Company of New York was the surety on appellant Baker's payment bond pursuant to which the aforementioned judgment as to the main action was entered against appellant Casualty Company.

On or about June 25, 1959 appellee Urban Plumbing & Heating Co. (sometimes herein called Urban) in its subcontract with appellant Baker agreed to do "all mechanical work for a complete installation" required by the prime contract.

Following a lengthy strike and a determination that the prime contract's original completion date of May 31, 1960 could not be met, appellant Baker and the Corps of Engineers by "Modification 6" dated March 18, 1960 agreed that the completion dates should be October 15, 1960 for the first wing, November 15, 1960 for the second wing and December 15, 1960 for all other work under the prime contract. However, in April 1960, appellant Baker posted on the job site, and on April 22, 1960 gave to appellee Urban a copy of, another accelerated work completion schedule calling for completion of the first wing on September 15, 1960, of the second wing on October 15, 1960 and of all other work on October 15, 1960. Thereafter, a revised acceleration agreement, "Modification 11", dated June 27, 1960, was made between the Corps of Engineers and appellant Baker providing that the completion dates agreed upon by them in "Modification 6" be accelerated by one month to September 15 for the first wing work, to October 15 for the second wing work and to November 15, 1960 for all other work.

Appellee Urban contends that, as a result of the agreements of appellant Baker with the Corps of Engineers for such accelerated completion dates of the prime contract, appellee, bound by the subcontract, was required to accelerate substantially all of the mechanical work done by it under its subcontract and to complete it in advance of the previously agreed subcontract schedule with resulting additional labor and costs. But appellee contends that it did not agree to do such resulting additional acceleration work without additional compensation for such resulting costs for which it sought and recovered judgment in the District Court.

Appellants, however, deny that appellee sustained any such resulting additional costs, now emphasize their contention that there was no sufficient legally competent proof of any claims for such costs, and contend the District Court had no ancillary jurisdiction of appellee's claim for repairing the camp site water main.

 The District Court trying the case without a jury found for appellee Urban as follows: That appellee sustained additional costs for straight and double time labor, transportation of necessary additional plumbers, increased camp subsistence, and for added expense

for equipment, shipping, sheet metal work, contractor's fee, overhead, bond premium and Alaska Business Tax, and that all of those items were incurred on account of the accelerated performance of the appellee's subcontract as required by appellant Baker. For those items the Court awarded to appellee compensation in various stated sums in addition to the compensation agreed upon in the subcontract.

■ The Court also adjudged that appellee Urban was entitled to be paid for the extra work done outside the scope of the subcontract but implementing the subcontract-produced structures and related to the over-all construction and done by appellee at appellant's request, namely, connecting kitchen equipment, connecting water lines and drains to refrigeration equipment and installing grease interceptor extensions. Furthermore, interest accrued after due date on withheld subcontract payments was allowed to appellee, and appellants were required by the District Court to pay appellee's attorneys fees and court costs.

■ Respecting all of the foregoing items and most if not all the District Court's findings of fact, the evidence was in conflict. Some of the most essential evidence adduced by each side on the most critical issues consisted mainly of the open-court oral testimony of corporate officials or agents of the parties who oversaw, did or were responsible for the doing of the particular work or acts in question. Appellants objected to the admission in evidence of the important Exhibit 29, a summary made from appellee's original records, because, say appellants, the witness Fred Urban who made that exhibit and testified as to its admissibility was not qualified to make it, and because appellants, so they say, were not before that exhibit was admitted afforded an opportunity to examine those original records. About that the attorneys for the parties made conflicting statements. The Court, however, after considering the evidence and the statements of counsel on both sides overruled the objections and correctly, we think, admitted Exhibit 29 in evidence. We find no error in the Court's rulings as to any of the above items.

■ In addition to the foregoing, the District Court awarded appellee judgment against only the appellant Baker in a further relatively small sum for work done and costs incurred in repairing leaks in the water main servicing the construction camp at Clear. As to that particular award, that appellant strenuously argues that the District Court was without jurisdiction since the subcontract did not include that work and for that reason, appellant Baker contends, it was not an item recoverable under the Miller Act, supra. However, this Court upon a similar issue in Glens Falls Indemnity Co. v. United States, ex rel. and to Use of Westinghouse Elec. Supply Co., 9 Cir., 1956, 229 F.2d 370, at 373–374, held that "It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter (citing Vol. 1 Barron and Holtzoff, Sec. 23, page 43). 'Ancillary' means auxiliary, accessorial or subordinate" (citations omitted). (Parentheses supplied.) See also James Stewart Co. v. Dennett-Robertson Electric, Inc., 9 Cir., 1961, 291 F.2d 147, 148, n. 1; Murphy v. Kodz, 9 Cir., 1965, 351 F.2d 163. The District Court held it had ancillary jurisdiction of this claim for repairing leaks in the water main serving the area. We agree.

We have considered all other contentions made by appellants, but find them without merit.

The findings of fact of the District Court are not clearly erroneous, and for that reason we may not set them aside. Rule 52(a), F.R.C.P.

Affirmed.