UNITED STATES of America for the Use of Stanton W. Payne, Plaintiff,

v.

UNITED PACIFIC INSURANCE COMPANY, a Washington corporation, Defendant and Third Party Plaintiff-Appellee,

v.

DISCOUNT COMPANY, INC., a corporation, et al., Third Party Defendants-Appellants.

No. 71–2711.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1973.

Rehearing Denied Feb. 20, 1973.

Ralf H. Erlandson (argued), of Erlandson & Morgan, Milwaukie, Ore., for appellants.

Paul R. Meyer (argued), Daniel J. Seifer, of Kobin & Meyer, Theodore S. Bloom, Portland, Ore., for appellee.

Before WRIGHT and CHOY, Circuit Judges, and TAYLOR,* District Judge.

CHOY, Circuit Judge:

Stanton W. Payne furnished equipment and labor to appellant Discount Co., Inc. (Discount), a Washington corporation, for work in Oregon by Discount under a contract dated May 20, 1968 with the United States Department of Agriculture Forest Service at the Mona Campground and Lookout Boating Site (Mona Project). Pursuant to the Miller Act, 40 U.S.C. § 270b, Payne sued United Pacific Insurance Co. (United), a Washington corporation, surety for

---

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

Discount on performance and payment bonds for the project.

On August 8, 1967 Discount, its President Richard R. Norelius, and his wife Phyllis L. Norelius had entered into a general indemnity agreement with United covering all liabilities and attorney's fees incurred by United under the bonds posted for Discount. United had also posted similar bonds for another project in Oregon, the North Waldo Campground (Waldo Project).

In the summer of 1969, Discount having completed neither project, disputes arose between Discount and the Forest Service on the scope and progress of the work. In July and August 1969, the Forest Service terminated the contracts on both projects for default by Discount. As required by its performance bonds, United completed the work on the projects. United established reserves in excess of $110,000 expecting losses in completing the projects and in paying other claims besides Payne's. United demanded that Discount and the Noreliuses post collateral security pursuant to the 1967 indemnity agreement. Upon learning that Discount and the Noreliuses were transferring and concealing assets to avoid the demand for collateral, United impleaded Discount and the Noreliuses as third-party defendants.[1]

United prayed for specific performance of the indemnity agreement including the posting of additional security, an injunction against any transfer or concealing of assets, and for judgment against Discount and the Noreliuses for any liability to Payne.

In October, 1969, pursuant to stipulation by all parties, the injunction sought by United was issued. Discount and the Noreliuses did not comply with the injunction, so in December, 1969 Elim and Agnes Norelius (Richard's parents) were added as third-party defendants solely to the issue of fraudulent concealment of assets by the original third-party defendants.

In April, 1970, ten months prior to the trial, United settled Payne's claim for $2,162.40. Also prior to trial, United completed both projects at a total cost of $145,777.67.[2] Thus, at the time of trial all of United's claims were liquidated and its suit for specific performance of the indemnity agreement was in effect a suit for damages.

The district court, sitting without a jury, held that the indemnity agreement was valid and awarded United $145,777.-67 damages and $25,000 attorney's fees, granted United an accounting, transferred to United identified assets, and imposed a constructive trust on the house found to have been built with funds diverted from Discount.[3] We reverse.

Payne's original claim was within federal jurisdiction because it arose under a federal statute. But the third-party claim was neither based on a federal statute nor asserted between citizens of different states. Independently considered, it was not within federal jurisdiction. However, the district court ruled that the third-party claim was "ancillary" to the original action and so no further jurisdictional basis was required to support it. The correctness of that ruling is the main issue on this appeal.

■■ "It is well settled that a grant of jurisdiction over particular subject matter includes the power to adjudicate all matters ancillary to the particular subject matter." Glens Falls Indemnity Co. v. United States ex rel. Westing-

---

1. Earl Angell, Vice-president of Discount was also made a third-party defendant. Angell filed a cross-claim against Discount and the Noreliuses for a breach of an agreement to divide profits from the construction of a house. This house was involved in the suit since it was built by Norelius with funds allegedly concealed from United.

2. All parties stipulated before trial that this figure represented United's total expenses under all the bonds on both projects.

3. The court also ruled that Angell recover one-half the profits from the sale of the house, in addition to $1,950.69 he had already received. Angell was not held liable for any of United's claim.

house Electric Supply Co., 229 F.2d 370, 373 (9th Cir. 1955). This is true regardless of the absence of diversity of citizenship or of a federal question in the ancillary suit.[4] *Glens Falls, supra.*

"Ancillary claims may be entertained 'to prevent the relitigation in other courts of the issues heard and adjudged in the original suit'", *Glens Falls, supra* at 374; and to promote the economical and expeditious administration of justice by avoiding a multiplicity of suits through permitting issues and claims arising out of the same operative facts to be embraced in a single action. West's Federal Practice Manual, M.L. Volz, Ed. Vol. 6, Sec. 7367, pg. 412 (1970).[5]

But, we cannot lose sight of the fact that federal courts are courts of limited jurisdiction. We must weigh the "desire to preserve the integrity of constitutionally based jurisdictional limitations against the desire to dispose of all disputes arising from one set of facts in one action." 6 Wright & Miller, Federal Practice and Procedure, Sec. 1444, 221 (1971); *accord,* Dery v. Wyer, 265 F.2d 804, 811 (2nd Cir. 1959) (Lumbard, J. dissenting).

Decisions discussing the concept of ancillary jurisdiction have applied a number of tests in delineating the concept.[6] This court has stated that ancillary means auxiliary, accessorial or subordinate, and that third-party claims are ancillary if the claims arise out of the subject matter of the original action and involve the same persons and issues, *Glens Falls, supra,* 229 F.2d at 374 or if they arose out of the same "transaction or occurrence." L & E Co. v. United States ex rel. Kaiser Gypsum Co., 351 F. 2d 880, 882 (9th Cir. 1965).[7]

Under these tests the district court properly asserted jurisdiction over United's claim for indemnification as to Payne's claim.[8] Both claims involved the same core of facts and both arose out of the same transaction. United's claim only sought a transference of its liability to Payne. "In effect, the supplemental proceeding serves to accomplish full justice with reference to any award made on the principal claim." Pennsylvania R. R. Co. v. Erie Avenue Warehouse Co., 302 F.2d 843, 844 (3rd Cir. 1962).

■ May United's other claims also be considered ancillary to Payne's origi-

4. The settlement of Payne's original claim prior to trial did not terminate the power of the court to decide only the ancillary third-party claims. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Pennsylvania R.R. Co. v. Erie Avenue Warehouse Co., 302 F.2d 843 (3rd Cir. 1962); Dery v. Wyer, 265 F.2d 804 (2nd Cir. 1959).

5. The Federal Rules of Civil Procedure substantially increase the possibility that all claims will be adjudicated in a single proceeding. Rules 13, 14, and 18 provide for a liberal joinder of claims, cross-claims, counter-claims, and third-party claims. But the rules do not confer jurisdiction upon federal courts. Rule 82 specifically provides that the rules should not be interpreted to enlarge the jurisdiction of the courts. Thus, while the third-party claims in the case at bar could properly be pleaded under Rules 14(a) and 18(a) this does not eliminate the jurisdictional question. C. Wright, Federal Courts § 76 (2d ed. 1970); Notes of Ad-

visory Committee on Rules, Fed.R.Civ. P. 18(a), 28 U.S.C.App. p. 2276 (Supp. V, 1970).

6. For a general discussion of the history of ancillary jurisdiction see Note, Rule 14 Claims and Ancillary Jurisdiction, 57 Va. L.Rev. 265 (1971).

7. Other circuits have adopted similar tests. The Second and Third Circuits employ the "transaction or occurrence" standard. Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 70–71 (3rd Cir. 1971); United States for Use and Benefit D'Agostino Excavators, Inc. v. Heyward-Robinson Co., 430 F.2d 1077, 1082 (2nd Cir. 1970). The Fifth Circuit holds that a claim is ancillary when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim. Revere Copper and Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709, 714 (1970).

8. This aspect of the judgment is not contested and our decision does not disturb it.

nal suit? We think not. We know of no other decision that has extended the concept of ancillary jurisdiction to cover the instant situation. We do not think it advisable to so expand the concept. Two decisions have discussed this problem and both cases are distinguishable from ours.

In Noland Co. v. Graver Tank & Manufacturing Co., 301 F.2d 43 (4th Cir. 1962), a general contractor sued a subcontractor for breach of contract to provide a water tank. The subcontractor filed a third-party complaint against his supplier for indemnification and in addition asserted a further claim for $4,000 loss of anticipated profits. The court held that the latter claim was ancillary to the original suit. It noted that the facts involved in the disputed claim were substantially the same as those in the primary suit, that the profit issue was not complicated or unduly burdensome, and that considering the issue would not appreciably prolong the litigation. Unlike the case at bar, the disputed claim in *Noland* arose out of the same transaction as the principal claim and there was a close nexus between it and the principal claim.

More in point is Schwab v. Erie Lackawanna R. R. Co., 438 F.2d 62 (3rd Cir. 1971), where a railroad employee brought an FELA suit against the railroad for injuries resulting from a train-truck collision. The railroad impleaded the owner of the truck seeking contribution or indemnification, and also asserted a claim as permitted by F.R.C. P. 18(a) against the truck owner for damage to the train. The court held that there was no need for an independent jurisdictional basis for the latter

claim because the claim was ancillary to the principal claim since it arose out of the same transaction or occurrence; i. e. the accident. On the facts of that case, the decision is undoubtedly correct.[9] All the claims involved were factually and logically related. There was a strong nexus between the principal claim and the disputed claim.

But here we perceive no close nexus between the third-party claim and the original suit by Payne. The claim for specific performance of the indemnity agreement, in effect a suit for $145,000, can hardly be considered to have arisen out of the same transaction as the original $2,000 suit. Payne's claim was for work done on the Mona Project. United's third-party claim was based on an indemnity agreement and damages arising from four separate bonds covering two projects (on one of which Payne never worked). The third-party claim, seventy-two times greater than Payne's, cannot without much straining be described as auxiliary or subordinate. Rather than simplifying the issues and avoiding a duplication of evidence, the third-party claim complicated and prolonged the original suit. Regardless of the success or failure of Payne's suit, United's claim against Discount and the Noreliuses would persist entirely independently. The fact that the third-party claim arose from the same general background does not suffice as a nexus. *Cf.*, United States Fidelity & Guaranty Co. v. American State Bank, 372 F.2d 449 (10th Cir. 1967).

We realize that to decide the liability-over issue and establish Discount's and the Noreliuses' liability for the Payne claim required the district court to con-

---

9. See, Note, Third-Party Plaintiff May Assert Claim For Affirmative Relief Against Third-Party Defendant Under Rule 18(a) Without Independent Jurisdictional Grounds If Claim Arises From The Same Transaction Or Occurrence As Claim For Liability-Over—Schwab v. Erie Lackawanna Railroad, 46 N.Y.U.L. Rev. 634 (1971). The note agrees that on the facts of the case the decision is correct but it finds a significant flaw in the court's approach. It rejects the suggestion that a third-party claim comes within the scope of the concept of ancillary jurisdiction because it is ancillary to an already ancillary claim. The note states that a third-party claim should be considered as ancillary only if there is a logical nexus between it and the principal claim. We agree with the article's reasoning.

sider many of the same issues involved in United's claim for $145,000. But whether the court properly had power under the concept of ancillary jurisdiction depends on the third-party claim being ancillary to the claim over which the court properly has jurisdiction. We reject the suggestion that a federal court can assume jurisdiction over the claim for total indemnification merely because it is ancillary to a proper ancillary claim for liability-over. The concept of ancillary jurisdiction should not have such a broad reach.[10]

Since the district court did not have jurisdiction over United's third-party claim in excess of its claim for indemnification for Payne's claim, we must vacate that part of the judgment attributable to more than Payne's claim and costs and attorneys fees allocable thereto. In addition, we vacate the award of damages to Angell since his claim was even further removed from the original suit than United's.

Reversed in part and remanded.