**Julius HELLMAN, Plaintiff-Appellant,**

v.

**COLONIAL INSURANCE COMPANY,**
**Defendant-Appellee.**

**No. 71–1143.**

United States Court of Appeals,
Ninth Circuit.

March 19, 1973.

L. R. Bretz (argued), Great Falls, Mont., for plaintiff-appellant.

Clayton R. Herron (argued), Helena, Mont., Patrick F. Hooks, Townsend, Mont., for defendant-appellee.

Before BARNES and DUNIWAY, Circuit Judges, and PECKHAM,* District Judge.

PER CURIAM:

In this action, plaintiff was injured in an accident occasioned by a runaway Mack tractor and trailer operated in Montana by a driver for Produce Dispatch, Inc., a California Corporation, who had obtained the use of the truck from one Bye, a former owner of the truck, who, with the new owner's permission, had obtained control and possession of the truck, and had rented the truck out to other persons, from time to time.

The owner of the truck, one Kuffel, a resident of the state of California, had insured the truck with the defendant Colonial Insurance Company. The insurance policy herein limited the insurer's liability to the use of the insured vehicle "within the state of California . . . and any other use or operation beyond the territorial limitations of this policy shall make it void." (Ex. 1, Tr. 2).

There was testimony that the truck had once been used outside the State of California (in Nevada) for five or ten miles, but the owner, Kuffel, testified he knew of this only after the fact. He had no knowledge the truck was being used in Montana, and Bye had denied it was in Montana on the day of the accident, in a conversation with Kuffel in Los. Angeles on that day.

■ The sole issue before us is whether the decision and judgment of the District Court is to be affirmed.

Such a judgment is not to be disturbed if supported by substantial evidence and is not erroneous as a matter of law. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Glens Falls Ind. Co. v. United States, 229 F.2d 370, 373 (9th Cir. 1955).

■ While there was no omnibus clause in the policy as written, the District Court held the territorial exclusion was void, calling into effect the provisions of both Sec. 415 of the California Vehicle Code (now Sec. 16451 in Financial Responsibility Section of that Code), and the vicarious liability statute (Sec. 17150 of California Vehicle Code). Nevertheless, said sections do not aid plaintiff, for each section specifies they are applicable only if the use of the vehicle is "with the permission, express or implied, of the owner." By the court's findings III and VIII he ruled "there had been no permission, express or implied, of the owner" to the use in Montana. These findings are not attacked, but appellant urges that the "liberal" or Arizona rule that a "general consent" is sufficient to govern the California Vehicle Code, rather than the "conservative" view, that if no consent is proved for the vehicle's use outside the state, then no coverage exists. The latter is the California view. Henrietta v. Evans, 10 Cal.2d 526, 75 P. 2d 1051 (1938); Rose v. Porter, 101 Cal. App.2d 333, 225 P.2d 245 (1950).

■ The burden of proof to establish requisite permission is on the plaintiff, and is a question of fact. Garmon v. Sebastian, 181 Cal.App.2d 254, 5 Cal.Rptr. 101 (1960); Couch on Insurance, § 45.-460, p. 447.

■ The judgment of the district court is not erroneous as a matter of law, and we are bound by its findings of fact which have substantial support in the record before us. We need not discuss other points.

Affirmed.

* Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation.