EXECUTIVE FINANCIAL SERVICES,
INC., Plaintiff,

v.

HEART CHEC, INC., Donald B. Scott,
Jr., and Brent V. Lovejoy, Defendants
and Third-Party Plaintiffs,

v.

Douglas NUTT and Overton, Dittemore,
and Nutt, P.C., Third-Party
Defendants.

Civ. A. No. 79–Z–1640.

United States District Court,
D. Colorado.

Sept. 2, 1982.

Jorge E. Castillo, Jorge E. Castillo, P.C., Denver, Colo., for plaintiff.

Sheldon F. Goldberg, Denver, Colo., for defendants and third-party plaintiffs.

Frank R. Kennedy, Cooper & Kelley, P.C., Merle R. Knous, Law & Scheid, Denver, Colo., for Douglas Nutt.

A. L. Overton, Overton & Sykes, P.C., Englewood, Colo., for Overton, Dittemore, and Nutt, P.C.

## ORDER DENYING MOTION TO DISMISS

WEINSHIENK, District Judge.

This is a breach of contract case in which plaintiff Executive Financial Services, Inc., claims that defendants Heart Chec, Inc., Donald B. Scott, Jr., and Brent V. Lovejoy breached a lease agreement and personal guarantees executed in connection with that lease. Defendants filed a Third-Party Complaint naming Douglas Nutt and his former law firm, Overton, Dittemore and Nutt, as third-party defendants. In their third-party claim, defendants allege that Nutt and his law firm negligently prepared the lease agreement between plaintiff and defendants and secretly accepted payments from plaintiff in violation of Nutt's fiduciary obligation to defendants. Consequently, defendants, as third-party plaintiffs, seek to recover from Nutt any amounts for which they may be held liable to plaintiff. Defendants also seek $50,000 in compensatory and $100,000 in punitive damages, as well as costs and attorneys' fees. These

additional sums are based on claims of breach of fiduciary duty and negligence. The matter is now before the Court on third-party defendant Douglas Nutt's Motion to Dismiss these additional claims.

Third-party defendant Nutt concedes that defendants' claim for indemnity is valid, and the Court concurs that there is ancillary jurisdiction over this claim. However, third-party defendant Nutt argues that the additional claims for compensatory and punitive damages are improperly joined and, therefore, should be severed. Defendants assert that to sever the additional claims, which arise out of the same transaction or occurrence that underlies the original complaint, would work against the purpose of Fed. R. Civ. P. 14, which is to reduce litigation.

■ Fed. R. Civ. P. 18(a) explicitly states that "[a] party asserting a claim to relief as ... [a] third party claim, may join, either as independent or as alternate claims, as many claims ... as he has against an opposing party." Thus, Rule 18(a) makes clear, at least since its amendment in 1966, that a defendant asserting a proper third-party claim may join with it other claims he may have against the third-party defendant.

However, since defendants are residents of Colorado, and third-party defendants are also residents of Colorado, there is no diversity jurisdiction over the additional third-party claims. Therefore, these additional third-party claims are not cognizable unless they, too, are within the ancillary jurisdiction of the Court.

■ The test of whether an additional third-party claim may be asserted under ancillary jurisdiction is whether the claim involves the same core of facts as the original claim, and whether both arise out of the same transaction. *Schwab v. Erie Lackawanna Railroad Co.,* 438 F.2d 62, 68–71 (3rd Cir. 1971). *See also United States v. United Pacific Insurance Company,* 472 F.2d 792 (9th Cir. 1973).

■ In the case at bar, defendants' additional claims for compensatory and punitive damages arise out of the same transaction and core of facts as does the original claim. The transaction common to all claims is that of the lease agreement made between plaintiff and defendants. The lease in the original claim is the same lease involved in defendants' claim against third-party defendant Nutt for indemnity and compensatory and punitive damages.

"Ancillary claims may be entertained 'to prevent the relitigation in other courts of the same issues heard and adjudged in the original suit,'" ... and to promote the economical and expeditious administration of justice by avoiding a multiplicity of suits through permitting issues and claims arising out of the same operative facts to be embraced in a single action ....

*United States v. United Pacific Insurance Co.,* 472 F.2d at 794 (citations omitted). This purpose will be accomplished by permitting defendants to litigate these related claims against third-party Nutt in one lawsuit. Therefore, the Court is of the opinion that the additional claims are ancillary to the principal claim of plaintiff and thus within the jurisdiction of the Court. Therefore, it is

ORDERED that third-party defendant's Motion to Dismiss portions of the Third-Party Complaint is denied.