Rosilind **HORTON**, Plaintiff,

v.

Karen Anita **BALDWIN**,
Defendant/Third–Party
Plaintiff,

v.

**DISTRICT OF COLUMBIA, et al.,**
Third–Party Defendants.

Civ. No. 88–2305 (CRR).

United States District Court,
District of Columbia.

June 7, 1989.

Edward G. Gruis, Hyattsville, Md., for plaintiff.

Benjamin S. Vaughan, Armstrong, Donohue & Ceppos, Chartered, Rockville, Md., Richard Huber, Washington, D.C., for Karen Anita Baldwin.

Robin C. Alexander–Smith, Asst. Corp. Counsel, D.C., Washington, D.C., for third-party defendant District of Columbia.

Karen R. Sistrunk, Jessamy Fort & Ogletree, Washington, D.C., for third-party defendant PEPCO.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This action is again before the Court following the District of Columbia's withdrawal of its consent to a trial before Magistrate Dwyer. Although the Court is at a loss to understand the District's rationale for doing so, it appears that the District consistently opposes referral of matters to the Magistrates of this Court. Thus, the consent entered here ran contrary to the District's policy, and was withdrawn. The action is one for damages arising out of an automobile accident, alleged to have been the product of a faulty intersection signal.

At the most recent status call, the parties noted the existence of a potential jurisdictional problem. The defendant Baldwin has sought to file separate third-party complaints against the District under Fed.R. Civ.P. 14. The first seeks indemnification and/or contribution against any liability Baldwin might incur on the principal claim. The second seeks separate damages for Baldwin's own injuries. The problem, to the extent one exists, arises from the fact that the District of Columbia is not a "citizen" amenable to suit in a federal diversity action. *See Long v. District of Columbia,* 820 F.2d 409, 412–414 (D.C.Cir.1987).

This complication moved the Court to seek briefing on the viability, in this lawsuit, of Baldwin's claims against the District. Specifically, the Court ordered Baldwin to show cause as to why her third-party complaints against the District should not be dismissed. The Court has considered Baldwin's response to this order, as well the District's reply. The Court concludes that Baldwin may maintain each of her two third-party complaints against the District in this action.

Indeed, the District does not dispute that Baldwin may maintain her third-party action for indemnification and/or contribution in this suit. The District concedes dicta in *Long* providing that, in the context of that case, the original defendant (PEPCO) could have impleaded the District under Rule 14 in an effort to obtain indemnification. *Long,* 820 F.2d at 417.[1] PEPCO could have

---

1. In *Long,* the district court refused to dismiss the plaintiff's complaint insofar as it named the District as a co-defendant. A jury trial resulted in an award against both the District and the other defendant, PEPCO. The Court of Appeals reversed, finding that the District is not a "citizen" of itself for purposes of diversity jurisdiction, and that the complaint therefore should have been dismissed as against the District. However, in deciding whether to dismiss the entire complaint, or only that portion which sought damages from the District, the Court of Appeals noted that had the district acted properly by dismissing the complaint against the Dis-

done so in *Long* despite the fact that the original plaintiff lacked the ability to sue the District directly in federal court, and despite the fact that PEPCO could not have brought a subsequent indemnity action against the District in federal court. *Id.*

Although the *Long* court declined to elaborate upon the reasoning underlying this dicta, it undoubtedly concluded that such a third-party impleader action against the District would fall within the trial court's ancillary jurisdiction. *See, e.g., Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (discussion of concept of ancillary jurisdiction). Thus, by agreeing that *Long* controls Baldwin's claim for indemnity and/or contribution, the District implicitly concedes as well that her claim for such relief falls within this Court's ancillary jurisdiction.

This concession, however, also effectively disposes of the District's opposition to Baldwin's second claim, which, as noted above, seeks independent damages against the District for her own injuries. If, on the one hand, this Court's ancillary jurisdiction extends to Baldwin's claim for indemnification and/or contribution, *despite* the fact that the District is not suable in diversity, the District cannot, on the other hand, parlay this "immunity" into a bar to Baldwin's claim for her own damages arising out of the same transaction. The District's citation to *Long's* holding that the District is not suable in diversity is thus inapposite—if this were a bar, the Court would lack ancillary jurisdiction over Baldwin's claim for indemnification and/or contribution as well.

It clearly does not; and the reasons supporting its jurisdiction over the indemnification claim are precisely those which establish the Court's ancillary jurisdiction over Baldwin's claim for damages.[2] Baldwin's claim for damages, as does her indemnification claim, arise out of the same nucleus of operative fact which caused Horton to file the complaint in the first place. Thus, *all* of the claims in this action involve the same Article III "case," so that the Court's exercise of ancillary jurisdiction does not run afoul of constitutional limitations. *See Finley v. United States,* —— U.S. ——, —— – ——, 109 S.Ct. 2003, 2005–2008, 104 L.Ed.2d 593 (1989) (nonfederal claim must arise from same constitutional "case" giving rise to federal claim in order for federal court to enjoy jurisdictional "power" over nonfederal claim); *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Moreover, as with Baldwin's indemnification claim, the "posture" of her nonfederal claim suggests that the exercise of ancillary jurisdiction would not run afoul of the diversity statute, 28 U.S.C. § 1332(a). *See Kroger,* 437 U.S. at 375–76, 98 S.Ct. at 2403–04. Baldwin did not commence this suit; Horton chose the federal forum at the outset of this litigation, and Baldwin should not be forced, merely by virtue of Horton's choice, to stomach the jurisdictional limits of this forum. *Id.* at 376, 98 S.Ct. at 2404. The very *raison d'etre* of ancillary jurisdiction is to permit the resolution of an *entire,* logically related lawsuit, so long as to do so does not run afoul of congressionally-imposed jurisdictional limits. The "posture" of the nonfederal claims in this case, unlike the "posture" of the plaintiff's claims in *Kroger,* makes clear to the Court that the assumption of ancillary jurisdiction over Baldwin's damages claim would subvert neither the intent of the diversity statute nor the holding of the Court of Appeals in *Long.*[3]

---

trict, PEPCO could still have obtained complete relief by seeking indemnification and/or contribution against the District through impleader under Rule 14.

**2.** The District apparently attempts to distinguish Baldwin's two claims on the grounds that the first, consistent with *Long's* dicta, would be lodged pursuant to Rule 14. The second claim, for damages, would not. Yet, this is a distinction without a difference. Rule 14 is merely a procedural device; it does not provide jurisdiction where such would otherwise not exist. *See* Fed.R.Civ.P. 82. The availability of ancillary jurisdiction as to both claims, as is explained herein, is the common ground that defeats the District's attempted distinction between the two.

**3.** The result reached herein finds support in other jurisdictions. *See Schwab v. Erie Lackawanna Railroad Co.,* 438 F.2d 62 (3d Cir.1971) (pre-*Kroger*); *Executive Financial Services, Inc.*

For the foregoing reasons, the Court concludes that it has jurisdiction to consider the defendant Baldwin's claims against the District for indemnification and/or contribution as well as to consider her complaint for damages against the District.[4]

### ORDER

In accordance with the Memorandum Opinion issued of even date herewith in the above-captioned matter, it is, by the Court, this 7th day of June, 1989,

ORDERED, that the defendant Baldwin's response to the Court's order to show cause as to why her complaints against the District of Columbia should not be dismissed shall be treated as a request for permission to join, pursuant to Fed.R.Civ.P. 18, her complaint for damages against the District of Columbia with her complaint for indemnification and/or contribution; and it is further

ORDERED, that the defendant Baldwin's request shall be, and hereby is, granted.

*v. Heart Chec, Inc.,* 95 F.R.D. 383 (D.Colo.1982). *Cf., United States v. United Pacific Ins. Co.,* 472 F.2d 792, 795 (9th Cir.1973) (disallowing third-party claim because not factually related to main claim; asserting that result in *Schwab* "undoubtedly correct"). Although the results in both *Schwab* and *Heart Chec* are factually identical to that reached herein, the Court notes, by way of aside, its disagreement with the heavy reliance each places upon Rules 14 and 18 as justification for its conclusion. *See supra* Note 2.

**4.** The matter is before the Court in a slightly akward procedural posture. Because of certain procedural complications before the Magistrate, Baldwin's damages claim (filed by separate third-party complaint, and by different counsel, than her claim for indemnification) was dismissed. Accordingly, the Court will treat Bald- win's response to the Court's order to show cause as a request under Rule 18 for leave to refile and join her damages claim with her claim for indemnification, which will be granted.

Much of the confusion arises from the fact that Baldwin is represented by separate counsel for each claim. Although Baldwin may well be entitled to separate representation, the Court cautions Baldwin that its tolerance for this arrangement will end should the arrangement continue to sow confusion. The Court notes in this regard the apparent confusion between Baldwin's counsel as to responsibility for discovery: in a pending discovery dispute, one set of counsel responded to Horton's motion for sanctions, yet attributed responsibility for compliance to the other counsel. Matters such as these must be immediately clarified.