**C. William BURKE et al., etc., Plaintiffs-Appellants,**

v.

**ERNEST W. HAHN, INC., a California Corporation, Defendant-Appellee.**

**ERNEST W. HAHN, INC., a California Corporation, Third-Party Plaintiff-Appellant,**

v.

**J. W. BERNARD et al., etc., Third-Party Defendant-Appellee.**

Nos. 76–2705, 76–2948.

United States Court of Appeals, Ninth Circuit.

Feb. 23, 1979.

Andrew B. Kaplan, (argued), Pettit, Evers & Martin, Los Angeles, Cal., for defendant-appellee.

Wayne Jett, (argued), Los Angeles, Cal., for plaintiffs-appellants.

Before WALLACE and HUG, Circuit Judges, and SOLOMON,* District Judge.

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

WALLACE, Circuit Judge:

The question raised in this appeal and cross-appeal is whether the district court had jurisdiction over a dispute centering on payments allegedly owed by Ernest W. Hahn, Inc. (Hahn) to union trusts as a result of work done by a Hahn employee. Appellant trustees also seek review of the denial by the district court of their motion for summary judgment. We reverse the district court's conclusion that it lacked jurisdiction and dismiss the appeal from the denial of the motion for summary judgment.

I

Appellants are trustees of various trust created pursuant to a collective bargaining agreement between the International Union of Operating Engineers, Local Union No. 12, and various employer associations in the construction industry in Southern California. Pursuant to the agreement, the trusts were to receive payments according to the number of hours worked by or paid employees covered by the agreement. The trustees alleged that Hahn belonged to one such association during the period involved in this dispute.

Among other things, the trustees sued, pursuant to the operating engineers' trust agreements, for the sum of $11,740.92 for work done by a Hahn employee, Travers, between November 1, 1971 and February 28, 1975. The trustees based jurisdiction on section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (1976). Hahn raised as an affirmative defense that it had employed Travers as a carpenter during this time and had made payments to trusts of the United Brotherhood of Carpenters and Joiners of America, established pursuant to agreements between that union and Hahn. Hahn also filed a third-party complaint against the trustees of the carpenters' trusts, seeking recovery from these trustees should Hahn be held obligated to pay funds to the engineers' trusts.

The district court denied the engineers' trustees' motion for summary judgment

and dismissed the action in its entirety for lack of subject matter jurisdiction, concluding the action was "nothing more than a jurisdictional labor dispute." The trustees appeal both rulings. Hahn has filed a cross-appeal seeking reversal of the dismissal of its third-party action in the event we uphold jurisdiction over the trustees' action.

II

Hahn characterizes the dispute in this case as one arguably involving an unfair labor practice under section 8(b)(4)(D) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(b)(4)(D) (1976) (the Act), and on this basis argues that the district court lacked jurisdiction to decide it. Hahn relies upon the principle established by *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), "that the National Labor Relations Act pre-empts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge,* 403 U.S. 274, 276, 91 S.Ct. 1909, 1913, 29 L.Ed.2d 473 (1971). In particular, Hahn argues that if the district court had assumed jurisdiction, it would be left potentially subject to "conflicting regulation of conduct" which the *Garmon* pre-emption doctrine is designed to prevent. *See Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge, supra,* 403 U.S. at 292, 91 S.Ct. 1909.

Hahn fears that if the district court were to award the benefit payments to one of the trusts in this case, "[t]he other union would then be free to assert its claim over the same work by threatening concerted economic action." This, Hahn argues, would constitute an unfair labor practice pursuant to section 8(b)(4)(D) of the Act, and Hahn could then file charges with the NLRB pursuant to 29 U.S.C. § 160(k) (1976). That action, Hahn concludes, could result in the award of benefits to the trust funds of both unions were the rival union to succeed before the Board.

Hahn's fears, however, do not deprive the district court of jurisdiction. Hahn has argued, and it appears that the district judge believed, that this is the type of jurisdictional dispute described in section 8(b)(4)(D) of the Act as a dispute between unions over a work assignment. But

[w]hile § 8(b)(4)(D) makes it an unfair labor practice for a union to strike to get an employer to assign work to a particular group of employees rather than to another, the Act does not deal with the controversy anterior to a strike nor provide any machinery for resolving such a dispute absent a strike. The Act and its remedies for "jurisdictional" controversies of that nature come into play only by a strike or a threat of a strike.

*Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 263–64, 84 S.Ct. 401, 404–5, 11 L.Ed.2d 320 (1964) (footnote omitted); *accord, NLRB v. Teamsters Local 631,* 403 F.2d 667, 673 (9th Cir. 1968). Counsel for Hahn stated at oral argument that there was nothing in the record before the district court that would indicate there had been a strike or a threat of a strike. The short answer is that there was thus no Board jurisdiction over the alleged dispute, and the district court had jurisdiction over the trustees' suit.

Hahn relies on *Buckley v. American Fed'n of Television & Radio Artists,* 496 F.2d 305 (2d Cir.), *cert. denied,* 419 U.S. 1093, 95 S.Ct. 688, 42 L.Ed.2d 687 (1974), in arguing that this case falls within the preemption doctrine. It is true that the court in *Buckley* characterized the complaint before it as alleging the commission of acts it found to be "arguable" unfair labor practices, even though mere threats of discharge from employment, in one instance, and possible constructions of union documents, in another, formed the bases of its characterization. 496 F.2d at 312–14. Even if we adopted the *Buckley* approach, there are no facts in the record before us which could constitute an incipient, and thus "arguable," unfair labor practice under *Buckley.*[1] Hahn's anticipation of a strike or

a threat of a strike appears only in its brief. This is no more than an attempt to bring before us claimed facts from outside the record which we will not consider. *See Russell v. Cunningham,* 233 F.2d 806, 809 (9th Cir. 1956). It follows that there can be no "conflicting regulation of conduct," *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge, supra,* 403 U.S. at 292, 91 S.Ct. 1909, because on this record there is no indication that the Board can take jurisdiction of this case by reason of an unfair labor practice described in section 8(b)(4)(D) of the Act. We thus reject the characterization of this dispute as "arguably" a section 8(b)(4)(D) unfair labor practice and reverse the district court's dismissal of the trustees' action.

### III

We next turn to Hahn's cross-appeal from the dismissal of its third-party action against the carpenters' trustees. Hahn has provided us with no argument on the merits of its cross-appeal. Nonetheless, we believe the district court had jurisdiction over the third-party claim as well.

We have stated that where, as here, jurisdiction over a third-party claim is in question, the proper inquiry is whether ancillary jurisdiction exists, that is, whether "the claims arise out of the subject matter of the original action and involve the same persons and issues . . . or if they [arise] out of the same 'transaction or occurrence.'" *United States ex rel. Payne v. United Pac. Ins. Co.,* 472 F.2d 792, 794 (9th Cir.), *cert. denied,* 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973). Hahn's third-party complaint alleged that "if plaintiffs are entitled to any recovery as against the defendant, then defendant in turn is entitled to have recovery over and against third-party defendants to the extent of defendant's contributions to third-party defendants" for Travers' work during the period in question.

---

1. Moreover, the Second Circuit has since cast some doubt upon whether the NLRB's jurisdiction in *Buckley* was even based upon the incipient acts referred to in the text of that opinion. *See Bernstein v. Universal Pictures, Inc.,* 517 F.2d 976, 981 n.4 (2d Cir. 1975).

Hahn's theory of recovery from the carpenters' trustees is based on Hahn's possible liability to the engineers' trustees. Hahn's third-party complaint seeks recovery of payments made for the same work that forms the basis for the engineers' trustees' complaint in the event that the engineers' trustees are successful. We think ancillary jurisdiction exists in this case.[2] *Cf. United States ex rel. Payne v. United Pac. Ins. Co., supra*, 472 F.2d at 792–94 (court had ancillary jurisdiction where third-party complaint sought judgment over against third-party defendant for liability resulting from original action); *Glens Falls Indem. Co. v. United States ex rel. Westinghouse Elec. Supply Co.*, 229 F.2d 370, 372–74 (9th Cir. 1955) (same).

Therefore, the district court should not only entertain the operating engineers' trustees' claim but should also consider Hahn's claim against the carpenters' trustees.

### IV

In his opinion dismissing this action for lack of jurisdiction, the district judge also denied the trustees' motion for summary judgment. The trustees ask us to reverse this judgment and grant the motion.

 The denial of a motion for summary judgment is not an appealable order, *Oppenheimer v. Los Angeles County Flood Control Dist.*, 453 F.2d 895, 895 (9th Cir. 1972) (per curiam), and this is so even where an action is incorrectly dismissed by the district court for lack of subject matter jurisdiction. *Simons v. United States*, 497 F.2d 1046, 1048–50 (9th Cir. 1974). This portion of the trustees' appeal must be dismissed.[3]

2. We thus do not decide whether the third-party complaint, standing alone, would properly be within the district court's jurisdiction.

3. We disagree with the theory set forth in *Morgan Guar. Trust Co. v. Martin*, 466 F.2d 593, 599–600 (7th Cir. 1972) (per curiam), urged upon us by the trustees, that 28 U.S.C. § 2106 (1976), which states in part that a court of appellate jurisdiction, in any case that is lawfully before the court for review, "may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such

REVERSED AND REMANDED; APPEAL FROM DENIAL OF SUMMARY JUDGMENT DISMISSED.

further proceedings to be had as may be just under the circumstances," allows us to circumvent our holding on the appealable order question. The trustees also appear to rely on dictum in that case to argue that the denial of summary judgment can be reviewed because a dismissal for lack of jurisdiction constitutes a "final judgment" into which the denial merges, allowing review on appeal. *See id.* at 599 n.9. In light of *Simons v. United States, supra*, 497 F.2d at 1048–50, that is clearly not the law of this circuit.