**UNITED STATES of America, Plaintiff,**

v.

**PIONEER LUMBER TREATING COMPANY, a Washington Corporation, et al., Defendants.**

**Helen I. HENRY, a widow, Individually and as Executrix of the Estate of Everett G. Henry, Third Party Plaintiff,**

v.

**SPOKANE & EASTERN BRANCH, Seattle–First National Bank, a National banking association, Third Party Defendant.**

No. C–77–98.

United States District Court,
E. D. Washington.

Aug. 26, 1980.

Robert M. Sweeney, Asst. U. S. Atty., E. D. Washington, for plaintiff United States.

Shannon Sperry, Lasher, Johnson & Sweet, Seattle, Wash., for defendant and third party plaintiff Helen I. Henry.

Robert W. Winston, Jr., Winston & Cashatt, Spokane, Wash., for third party defendant Seattle-First National Bank.

### MEMORANDUM OPINION RE: MOTION TO DISMISS THIRD PARTY COMPLAINT.

QUACKENBUSH, District Judge.

The Plaintiff, United States of America, has initiated the above entitled action as assignor of the SEATTLE–FIRST NATIONAL BANK, the payee on a Small Business Administration note. (See Paragraph XVI of the Complaint on file herein).

The action against Pacific American Marine Corporation is based upon the execution of a Promissory Note to SEATTLE–FIRST NATIONAL BANK on December 16, 1970. The Defendant, HELEN I. HENRY, a widow, is named as a party defendant, individually and as Executrix of the Estate of her late husband, Everett G. Henry, by reason of their execution of a gratuitous personal guaranty of the above indicated Promissory Note. In her Answer to the Complaint, the Defendant, HELEN I. HENRY, has affirmatively alleged as a defense to this action the alleged failure of the Plaintiff's assignor, the SEATTLE–FIRST NATIONAL BANK, to properly protect and pursue the collateral which was security for the principal loan to PIONEER LUMBER TREATING COMPANY, the corporation owned by MRS. HENRY'S son, Arthur S. Henry. The Plaintiff, United States of America, even though it is the assignee of the Note in question, contends that the affirmative defenses raised by HELEN I. HENRY, a widow, against the Government's assignor, the SEATTLE–FIRST NATIONAL BANK, are not valid as against the action brought by the United States of America. The Court has not been called upon to rule on this contention of the Government.

Based upon the foregoing position by the United States of America, the Defendant, HELEN I. HENRY, filed a Third Party Complaint under Rule 14 of the Federal Rules of Civil Procedure against the SEATTLE–FIRST NATIONAL BANK, the assignor of the Plaintiff, United States of America.[1] Said Third Party Complaint alleges as a factual basis therefore, the same matters set forth in HELEN I. HENRY'S Affirmative Defense to the Government's Complaint, to-wit: failure of the SEATTLE–FIRST NATIONAL BANK to properly protect and pursue the collateral which was the security for the loan in question.

The Third Party Defendant, SEATTLE–FIRST NATIONAL BANK has moved to dismiss the Third Party Complaint against it alleging that the above entitled Court has no jurisdiction over said Third Party De-

---

1. Rule 14(a) of the Rules of Civil Procedure for the United States District Courts reads in part as follows:

(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third party complaint, hereinafter called the third–party defendant, shall make his defenses to the third party plaintiff's claim as provided in Rule 12 and his counterclaims against the third–party plaintiff and cross-claims against other third–party defendants as provided in Rule 13. The third–party defendant may assert against the plaintiff any defenses which the third–party plaintiff has to the plaintiff's claim. The third party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third–party plaintiff. The plaintiff may assert any claim against the third–party defendant *arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim* against the third–party plaintiff, and the third–party defendant thereupon shall assert his defenses as provided in Rule 13. Any party may move to strike the third–party claim, or for its severance or separate trial. A third–party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third–party defendant.

fendant. The gist of the Motion to Dismiss by the SEATTLE–FIRST NATIONAL BANK is that there must be independent Federal Court jurisdiction over the facts upon which the Third Party Complaint is based. For reasons hereafter stated, the Motion to Dismiss of the SEATTLE–FIRST NATIONAL BANK, Third Party Defendant, is hereby denied.

The Court finds that Defendant HENRY'S Third Party Complaint against the SEATTLE–FIRST NATIONAL BANK raises issues of ancillary jurisdiction and third party practice under Rule 14 of the Rules of Civil Procedure for the United States District Courts rather than a question of pendent jurisdiction as referred to in the Magistrate's Report and Recommendation.

■ Pendent jurisdiction, while closely related, or a part of ancillary jurisdiction as a general concept, is to be distinguished from ancillary jurisdiction as applied to Rule 14. Pendent jurisdiction is generally applied in a case where a *plaintiff* seeks to join a state claim with a federal claim against the same defendant. It is recognized that a claim of pendent jurisdiction cannot be used by a *plaintiff* to join additional parties under the state claim. *Libby McNeill and Libby v. City National Bank*, 592 F.2d 504, 510 (CA9, 1979). Ancillary jurisdiction on the other hand, is the expanded principle which allows a defendant, pursuant to Rule 14 of the Federal Rules of Civil Procedure, to bring in additional parties whereby all claims arising out of the same transaction or occurrence may be resolved in a single action, thereby avoiding a multiplicity of suits. Impleader of a third party defendant under Rule 14 falls within ancillary jurisdiction. 13 Wright, Miller & Cooper's Federal Practice and Procedure § 3523 at 67, 71 (1975).

The distinction between pendent jurisdiction and ancillary jurisdiction is clearly set forth in *Jacobs v. United States*, 367 F.Supp. 1275 (Dist. of Arizona, 1973) where at page 1277, Judge Copple in discussing Wright and Miller, stated as follows:

" 'The pendent jurisdiction concept applies only where the same parties are involved on the state and federal claims. It does not permit bringing in an additional party to respond to a state claim on the ground that that claim is closely related to the·federal claim against an existing party.'

C. Wright Handbook of the Law of Federal Courts § 19, at 65 (2d ed. 1970). It is true that a doctrine of 'pendent parties' has been suggested since *United Mine Workers v. Gibbs*, 383 U.S. 715, 722, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Note, *UMW v. Gibbs and Pendent Jurisdiction*, 81 Harv.L.Rev. 676, 662–64 (1968). But that view may confuse the semantic distinctions of the earlier cases. 'Pendent jurisdiction is a specialized application of the ancillary jurisdiction concept . . . Its application traditionally has been in situations in which plaintiff seeks to append a nonfederal claim to a substantial claim against the *same* defendant.' 7C. Wright & A. Miller, Federal Practice & Procedure § 1659, at 314 (1972) (emphasis added). Ancillary jurisdiction is the broader concept allowing a court to acquire control of an entire controversy— both the claims and additional parties— where it has no independent jurisdiction of one or more parties."

While recognizing that Federal Courts are courts of limited jurisdiction, the Ninth Circuit Court of Appeals has on several occasions ruled that ancillary claims may be properly disposed of by Federal Courts even though jurisdiction would not exist if the ancillary proceeding were brought as a separate independent action. The foregoing has been the rule in the Ninth Circuit since at least 1955. See *Glens Falls Indemnity Co. v. United States ex rel. Westinghouse Electric Supply Co.*, 229 F.2d 370, 374 (9th Cir., 1955); *United States v. United Pacific Insurance Co. v. Discount Company, Inc.*, 472 F.2d 792, 794 (9th Cir., 1973); *Burke v. Hahn*, 592 F.2d 542, 545 (9th Cir., 1979).

In *Burke v. Hahn*, supra, the Plaintiffs were labor union trustees who brought suit against the Defendant Hahn, for contribu-

tions allegedly owing by Hahn to the Plaintiffs as a result of work performed by a Hahn employee who was allegedly a member of the operating engineers' union for which the Plaintiffs were trustees. The Defendant Hahn alleged as an affirmative defense to said action that the employee in question was not a member of the operating engineers' union, but was in fact a member of the carpenters' union to which trusts the Defendant Hahn had made payments. The Defendant employer Hahn also filed a Third Party Complaint against the Trustees of the carpenters' trusts seeking recovery from these trustees should Hahn, the employer, be held obligated to pay funds to the engineers' trust. The Hahn factual situation is similar to that alleged by the Third Party Plaintiff in the instant action, HELEN I. HENRY, who, in her Third Party Complaint, alleges that if her affirmative defense to the Promissory Note claim is not legally tenable against the Plaintiff, United States of America, then she in turn is entitled to indemnity from the Third Party Defendant, SEATTLE–FIRST NATIONAL BANK, by reason of the alleged failure of the Bank to properly protect and pursue the collateral pledged as security for the loan.

At page 545 of *Burke v. Hahn*, 592 F.2d 542 (9th Cir., 1979), the Court stated as follows:

> "We have stated that where, as here, jurisdiction over a third–party claim is in question, the proper inquiry is whether ancillary jurisdiction exists, that is, whether 'the claims arise out of the subject matter of the original action and involve the same persons and issues . . . *or if they [arise] out of the same "transaction or occurrence."*' *United States ex rel. Payne v. United Pac. Ins. Co.*, 472 F.2d 792, 794 (9th Cir.), cert. denied, 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973). Hahn's third–party complaint alleged that 'if plaintiffs are entitled to any recovery as against the defendant, then defendant in turn is entitled to have recovery over and against third party defendants to the extent of defendant's contributions to third–party defendants' for Travers' work during the period in question." (Emphasis supplied).

That independent federal jurisdiction of the Third Party Complaint need not exist is recognized in the discussion of ancillary jurisdiction under Rule 14 contained in 6 Wright & Miller Federal Practice & Procedure, § 1444, at 223 and 225. At 223 of Wright & Miller, supra, the authors state:

> "Thus, it is well settled that there need be no independent jurisdictional basis for such a claim if diversity of citizenship exists between the original parties."

The same rule applies where plaintiff's claim against the original defendant is based upon federal question jurisdiction in which event the third–party claims will be retained even though there are no independent grounds for jurisdiction thereof. Wright & Miller, supra, 225.

The rule that independent federal jurisdiction of an ancillary third party claim is not required is also established in *Glens Falls Indemnity v. United States*, 229 F.2d 370, (9th Cir., 1955) where at page 374 the Court stated as follows:

> "Ancillary claims may be entertained 'to prevent the relitigation in other courts of the issues heard and adjudged in the original suit'. *Pell v. McCabe*, 2 Cir., 1919, 256 F. 512, 515. Therefore, if either a cross–claim under Rule 13 or a third–party claim under Rule 14 does arise out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, *no independent basis of jurisdiction for the cross–claim or third–party claim need be alleged or proved.* Vol. 1 *Barron and Holtzoff*, Sec. 424, page 841 and many cited cases." (Emphasis supplied).

It is recognized that the Federal Rules of Civil Procedure substantially increase the possibility that all claims arising out of the transaction or occurrence that is the subject matter of plaintiff's claim will be adjudicated in a single proceeding. Rule 14 provides for a liberal joinder of third party claims and allows a defending party, as a third

party plaintiff, to issue a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (See Wright & Miller, supra, § 1442, 204 to the effect that Rule 14 should be construed liberally).

■ The decision on a Motion to Dismiss a Third Party Complaint under Rule 14(a) has been held to be within the sound discretion of the court. See *Laffey v. Northwest Airlines*, 567 F.2d 429, 477 (C.A.D.C.1976), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1977). Rule 14(a) as established by its last amendment in 1963 is silent as to the question of the court's discretion in ruling on a motion to file or dismiss a third–party complaint. The Advisory Committee note to this 1963 amendment does, however, indicate that the matter is left to the sound discretion of the trial court. (6 Wright & Miller Federal Practice & Procedure, § 1443, 208).

■ The acceptance of ancillary jurisdiction in this case affords the Defendant and Third Party Plaintiff, HENRY, an opportunity to have her claim disposed of on an economical and expeditious basis. Mrs. Henry is involuntarily in this court as opposed to a plaintiff who has selected its forum claiming pendent jurisdiction on a state claim. Had Mrs. Henry been able to choose her forum, she undoubtedly would have chosen a state court where without question she would have been entitled to join the SEATTLE–FIRST NATIONAL BANK as a Third Party Defendant. For the foregoing reasons the Third–Party Defendant's Motion to Dismiss the Third–Party Complaint is denied.

Both Rule 14 and Rule 42 of the Rules of Civil Procedure for the United States District Courts recognize that separate trials of Third Party Complaints may be ordered to avoid prejudice to the other parties defendant and likewise to avoid confusion of the issues. For these reasons, the Plaintiff's action against all defendants will proceed to trial as scheduled on September 3, 1980, however, the trial of the Third Party Complaint and the issue of the applicability of

the associated affirmative defense to Plaintiff's Complaint shall commence on September 30, 1980.