**Felix VALDEZ, Plaintiff,**

v.

**CITY OF FARMINGTON, et al., Defendants.**

**Civ. No. 82–0728 HB.**

United States District Court,
D. New Mexico.

Jan. 10, 1984.

Richard Rosenstock, Chama, N.M., Robert Rothstein, Santa Fe, N.M., for plaintiff.

Byron Caton, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, N.M., for City of Farmington and Robert Schmerheim.

## MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This matter comes before the court upon the defendants' motion for leave to file an Amended Third-Party Complaint in this action under 42 U.S.C. § 1983. The Court has considered the motion, along with the memoranda filed by the parties in conjunction therewith, and finds that the motion is not well taken and should be denied.

Plaintiff brought suit against the City of Farmington, New Mexico and members of the Farmington Police Department for deprivation of his civil rights, claiming that he was subjected to arrest using unlawful and excessive force. Defendants allege that during the incident giving rise to plaintiff's cause of action, Genevieve Anaya, the proposed third-party defendant, acted in such a manner as to make her liable, in whole or in part, for the injuries sustained by the plaintiff.

Defendants previously moved to implead Ms. Anaya under Rule 14(a), Federal Rules of Civil Procedure. This Court ruled, in its Memorandum Opinion and Order entered October 25, 1983, that defendants' third-party complaint failed to state a proper claim for impleader under Rule 14(a). Defendants had failed to claim that Ms. Anaya is or may be liable to the defendants if defendants are found liable to the plaintiff. Defendants have amended their proposed third-party complaint and move the court again for permission to file it.

The amended third-party complaint alleges the same acts by Ms. Anaya as did the previous third-party complaint. In Count I of the amended complaint, defendants claim that Ms. Anaya is a "joint tortfeasor" with defendants and should be compelled to respond, in contribution, to any judgment entered against defendants, pursuant to the Contribution Among Tortfeasors Act, N.M.Stat.Ann. §§ 41–3–1, *et seq.* (1978). In Counts II and III, defendants allege that Ms. Anaya was the primary wrongdoer in the incident, who should indemnify defendants for the entire amount of any judgment entered against them.

The Court notes, first, that defendants base their claimed right of contribution upon the New Mexico Contribution Among Tortfeasors Act. As was pointed out in the Court's ruling on the prior impleader motion, plaintiff's cause of action is solely for violation of his civil rights under 42 U.S.C. § 1983. Plaintiff has not raised a state-law tort claim. The question of whether a right of contribution exists among joint § 1983 defendants is one of federal common law, not one governed by reference to the law of the forum state. *Seaton v. Eddy County,* Civ. No. 81–0286 HB (D.N.M. April 26, 1983). New Mexico law regarding the right of a defendant to seek contribution from a joint tortfeasor is not applicable in the case at bar.

The common law did not recognize a right of one defendant to seek contribution from a co-defendant adjudged to be jointly and severally liable to the plaintiff. Contribution is usually a statutory creation. None of the civil rights statutes, 42 U.S.C. §§ 1981, *et seq.,* provide for the right of a defendant to seek contribution from a co-defendant. In *Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), the Supreme Court held that no right to seek contribution exists among co-defendants in a Title VII employment discrimination action. The Court noted that no general federal common law right of contribution exists, except in admiralty cases. There exists no clearly established federal authority on the question of whether, or under what circumstances, a right of

contribution may exist among § 1983 co-defendants.

Similarly, there exists no clear authority on the question of whether a § 1983 defendant may seek indemnity from his co-defendant. We note, as we did in ruling on the prior impleader motion, that distinctions exist between an action in tort and an action for civil rights violation under § 1983. One such distinction is that the concept of respondeat superior provides no basis for liability under § 1983, as it may in a common law tort action. A § 1983 defendant must be found personally to have violated the plaintiff's civil rights for § 1983 liability to exist. *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). While we do not expressly decide the issue here, we note that the requirement of personal liability of a civil rights defendant may be inconsistent with the requirement that, to establish a claim for indemnity, the claimant must show that his actions were "passive," and that the prospective indemnitor was the sole "active" causer of harm to the plaintiff. A defendant *in pari delicto* with a co-defendant generally may not receive indemnity.

Rule 14(a), Federal Rules of Civil Procedure, provides that a defendant must obtain leave of the Court to implead a third-party if his third-party complaint is not filed within ten days after service of his answer. Whether a third-party defendant may be impleaded after the ten day period is within the discretion of the Court. 6 Wright and Miller, Federal Practice and Procedure § 1443 (1971). In this case, the Court finds that the addition of the proposed third-party claim could unduly complicate the proceedings, confuse the issues, and prejudice the plaintiff in presenting his case.

Extensive discovery has already occurred in this case; allowing the third-party claim could result in delay and in the expense of reaccomplishing depositions. Defendants have not come forth with an explanation for their delay, approximately one year from the filing of the complaint, in moving to implead Ms. Anaya. The Court notes a likelihood that Ms. Anaya is indigent and is without resources sufficient to satisfy any substantial award for contribution or indemnity. The Court, in its discretion, may refuse to allow impleader where the proposed third-party is, in reality, a "strawman defendant," and the attempt to implead him is simply a litigation tactic. *See Goodhart v. United States Lines Co.*, 26 F.R.D. 163 (S.D.N.Y.1960).

Ms. Anaya's presence as a party is not necessary to enable defendants to assert that it was her actions, and not those of the defendants, which proximately caused plaintiff's injuries. Defendants will not be prejudiced substantially if the Court refuses to allow this third-party action. Defendants will remain free to institute a separate action for contribution or for indemnity against Ms. Anaya should a judgment be entered against them in the present action. Defendants may then address directly, which they have not done in either of their impleader motions in this cause, the difficult question of whether they may seek contribution or indemnity in the context of a civil rights action.

In the present case, the possibility exists of unnecessary confusion, complication of the issues, prejudice to the plaintiff, expense, and delay if the motion to implead Ms. Anaya were granted. The claims upon which the third-party complaint is based are questionable. Considerations of judicial economy and of avoiding circuity and duplication of action do not outweigh the countervailing considerations inherent in permitting this third-party complaint to proceed.

Now, Therefore;

IT IS BY THE COURT ORDERED that defendants' Amended Motion for Leave to File Third Party Complaint is hereby denied.