**Frankland BANKS and Pacita Banks, Plaintiffs,**

v.

**CITY OF EMERYVILLE and John B. LaCoste, individually and in his capacity as Chief of Police for the City of Emeryville, Defendants, and Related Cross-Actions.**

**No. C 82–6790 SW.**

United States District Court, N.D. California.

Aug. 27, 1985.

Arlene V. Halverson, Law Offices of Thomas D. Marple, San Francisco, Cal., for third-party defendant and third-party plaintiff, Bedline.

Oliver A. Jones, San Francisco, Cal., Deborah A. Duggan, Oakland, Cal., for plaintiffs.

Bryan A. Marmesh, St. Clair, Zappettini, McFetridge & Griffin, San Francisco, Cal., for third-party defendants, Pacific Hosp. Equipment & Supply Co., Western Medical Enterprises, Inc., ARA, Inc., and ARA Services, Inc.

John D. O'Connor, Thomas C. Burch, Tarkington, O'Connor & O'Neill, San Francisco, Cal., for defendant and third-party plaintiffs City of Emeryville and John B. LaCoste.

Jeffrey A. Skinner, Russell A. Mill, Gudmundson, Siggins & Stone, San Francisco, Cal., for third party defendant Vogue Bedding Co.

ORDER DENYING THIRD PARTY DE-FENDANTS' MOTION FOR JUDG-MENT ON THE PLEADINGS, AND DISMISSING FIRST CLAIM FOR RE-LIEF OF THIRD PARTY COM-PLAINT

SPENCER WILLIAMS, District Judge.

FACTS

On October 31, 1982, plaintiffs' decedent, Mercedes Banks, was arrested by the Emeryville City Police for public drunkenness. Ms. Banks was placed in a cell at the Emeryville Police Department Temporary Detention Facility. During the course of her detention, a fire broke out in her cell. After the fire was extinguished, the decedent was found, charred nearly beyond recognition, on a mattress which had disintegrated into burnt shreds.

In August of 1983, plaintiffs brought suit, under 42 U.S.C. § 1983, against City of Emeryville and John B. LaCoste, the latter sued as an individual and in his capacity as Chief of Police for the City of Emeryville. In particular, plaintiffs claim that the civil rights violations occurred as a direct consequence of inadequate supervision of individuals detained in Emeryville City Jail, inadequate fire safety procedures and equipment in the jail, having furnished the cell with a dangerous and defective mattress, the dangerous and defective design of the jail, and for unlawful procedures in violation of California Penal Code § 647(f). Plaintiffs have not alleged any additional causes of action beyond 42 U.S.C. § 1983, nor do they name any additional parties beyond the City of Emeryville and John B. LaCoste.

The defendants contend that the fire was a suicide in which Ms. Banks lit herself and her cell mattress on fire. The defendants deny all allegations of negligence or racially motivated misconduct which may have contributed to Ms. Banks' death.

On March 8, 1985, the defendants, City of Emeryville and John B. LaCoste, filed a third party complaint against Pacific Hospital Equipment and Supply Company, Western Medical Enterprises, Inc., ARA, Inc., ARA Services, Inc., California Mattress Company, Allen D. Fisher, Lawrence Nolan, F.L. Herbeth, Ryland P. Davis, Edward Kuntz, John R. Ranelli, Gilen French, David D. Dayton, Bedline and Vogue Bedding Company. All of the third party defendants were involved in the manufacture, distribution, or sale of the mattress which was ultimately placed in the decedent's jail cell. The defendants allege that as a direct result of the presence of this dangerous

and defective mattress, the fire spread too quickly to allow the police to rescue Ms. Banks. In the third party complaint, the defendants seek indemnification or contribution based on eight separate causes of action: "general" indemnification, strict products liability, breach of warranty, breach of implied warranty of merchantibility, breach of implied warranty of fitness for particular purposes, negligence, misrepresentation and breach of contract. The third party defendants have moved for judgment on the pleadings for all eight causes of action.

## DISMISSAL ON THE GROUNDS OF LATE IMPLEADER

■ According to the Federal Rules of Civil Procedure, Rule 14(a), leave of the court need not be obtained if a third party complaint is filed not later than ten days after the defendants serve their answer to the original complaint. In this case, the defendants' answer was filed on September 16, 1983, and the third party complaint was filed on March 8, 1985, a period exceeding ten days. The third party defendants urge the court to dismiss the third party complaint due to this late filing.

The Ninth Circuit has determined that it is within the discretionary power of the court to allow or disallow a third party to be impleaded where the third party complaint is filed beyond the ten day period following the filing of the defendant's answer. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983), cert. denied 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1983). As the plaintiffs point out in their opposition to the motion for judgment on the pleadings, the defendants have already sought and received leave of the court to file this third party complaint, despite the passage of more than ten days. Thus, the court has already determined that adding the third parties was appropriate. The court remains of the opinion that the third party complaint does not unnecessarily complicate the case, or prejudice any of the parties. It is clearly based on the same set of operative facts. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749,

751 (5th Cir.1967). Hence, late filing is not an adequate ground for dismissal.

## FEDERAL JURISDICTION OVER THE THIRD PARTY COMPLAINT

■ Although none of the parties addressed this issue in their briefs or at oral argument, there is some question about the willingness of the Ninth Circuit to entertain state law claims against parties where no independent basis for federal jurisdiction exists as to those parties. As will be discussed more fully below, the third party defendants in this case are properly impleaded only under several state law causes of action. Thus it is necessary to determine whether an independent basis for federal subject matter jurisdiction is required as to the third party defendants.

Generally, the Ninth Circuit has been extremely hostile to the introduction of pendent state claims by plaintiffs against parties for whom no independent basis for jurisdiction exists. *Safeco Ins. Co. of America v. Guyton*, 692 F.2d 551, 555 (9th Cir.1982). However, the Ninth Circuit has approved the joining of a party within the ancillary jurisdiction of the court where that party is brought into the case by a party other then the plaintiff. *Burke v. Ernest W. Hahn, Inc.*, 592 F.2d 542, 546 (9th Cir.1979). In *Burke*, the defendant sought to join a third party who may have been liable for some portion of the defendant's liability to the plaintiff. The court allowed the defendant to join the third party on the theory that the claims arose out of the same set of operative facts, and therefore that the claim fell within the court's ancillary jurisdiction. The situation in *Burke* is highly analogous to this case, because here the defendants seek to join third parties who may be liable for some portion of the defendants' liability to the plaintiffs. In this situation, the third party complaint need not have an independent basis for federal jurisdiction if the original complaint has satisfied the federal requirements for jurisdiction. *United States v. United Pacific Insurance Co.*, 472 F.2d 792, 794 (9th Cir.1973), cert. denied 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958

(1973); *Fong v. United States,* 21 F.R.D. 385, 387 (N.D.Cal.1975). Therefore, the court may exercise its ancillary jurisdiction over the state law claims in the third party complaint.

## PROPRIETY OF IMPLEADING THE THIRD PARTIES UNDER RULE 14(a)

### Section 1983

■ The central issue in this motion is whether the third party defendants may be impleaded under Federal Rules of Civil Procedure, Rule 14(a). In relevant part, Rule 14(a) provides,

"At any time after commencement of the action a defending party as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him* .... " (emphasis added)

The third party defendants assert that the defendants are trying to pass on liability for a § 1983 claim, which they claim is improper because they cannot be held liable for violating decedent's civil rights under § 1983. Third party defendants also argue that § 1983 does not provide for indemnification.

To the extent that defendants may be trying to seek indemnity by way of the third party complaint based directly on § 1983, the third party defendants are correct in asserting that impleader is improper. First, it is well settled that a private party may only incur § 1983 liability if his actions are carried out 'under color of state law'. *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). In this case, there are no allegations that the third party defendants acted 'under color of state law'. Rather, they merely sold an allegedly defective mattress to a governmental body. This, without more, is not an action taken 'under color of state law'. Therefore, based on the record in this case, the third party defendants cannot be found to have violated § 1983.

Moreover, even if there were allegations that the third party defendants acted 'under color of state law', defendants have not persuaded the court that § 1983 provides for indemnification. In *Valdez v. City of Farmington,* 580 F.Supp. 19, 21 (D.N.M. 1984), the court noted that "there exists no clear authority on the question of whether a § 1983 defendant may seek indemnity from his co-defendant." In *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), a case cited in *Valdez,* the Supreme Court made it clear that courts are not free to read a cause of action for indemnity into statutes where no statutory basis exists for such a claim. There, the Court determined that no right to contribution exists among co-defendants under the Equal Pay Act or Title VII. Defendants have pointed to no provision of § 1983, nor any legislative history, to support their assertion that § 1983 provides for a right of contribution or indemnity. Therefore, any claims for indemnification against the third party defendants based directly upon § 1983 are impermissible.

### State Law Theories

Rather than premising liability upon a § 1983 claim, the last seven claims seeking indemnification or contribution in the third party complaint are based on several state theories of liability. *Valdez* and *Northwest Airlines,* cited by the third party defendants as grounds for dismissing the defendants' state law claims, are simply inapplicable to a situation where indemnification is based on state law claims. In both *Valdez* and *Northwest Airlines* the defendant sought contribution based upon federal statutes that did not provide for contribution. Here, in claims two through eight, the defendants seek indemnification based on state law claims, rather then on § 1983 directly. Hence, to the extent that the defendants seek indemnification or contribution based on state law theories, the claims are permissible provided that the claims satisfy the requirements of Rule 14(a) and the substantive requirements of state law.

As an initial matter, the claims for indemnity do appear to be authorized under state law. In *American Motorcycle Asso-*

**540**

ciation v. Superior Court of Los Angeles County, 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899 (1978), the court held that a defendant may implead a third party on the grounds of comparative fault and recognized that such a finding would allow for indemnification or contribution. Subsequent cases have permitted indemnification and contribution based on comparative negligence, even in the face of wilful misconduct by the original defendant. Southern Pacific Transportation Co. v. State of California, 115 Cal.App.3d 116, 171 Cal. Rptr. 187 (1981). Therefore, claims for indemnification and contribution are cognizable under California law.

■ The question under Rule 14(a) is whether the defendants can potentially hold the third party defendants liable for some or all of the defendants' primary liability to the plaintiffs. The third party defendants initially argue that they can only be held liable to the defendants if they could be found to be directly liable to the plaintiffs. This assertion is directly contrary to settled law. "As a matter of procedure, Rule 14 does not require that the third party defendant be liable to the original plaintiff in order for the original defendant to proceed with his claim against a third party defendant and recover judgment thereon." Huggins v. Graves, 337 F.2d 486, 489 (6th Cir.1964). See also, Barnett v. Sears Roebuck and Co., 80 F.R.D. 662, 665 (W.D.Okla.1978). Hence, it is permissible to implead third party defendants even if there is no basis for the third party defendants to be directly liable to the plaintiffs.

■ Given the above, the third party defendants' argument is essentially reduced to the contention that indemnity liability cannot be transferred through dissimiliar causes of action. However, the claims upon which indemnity is based need not be similiar to the claims asserted in the original complaint. In Givoh Associates v. American Druggists Ins. Co., 562 F.Supp. 1346, 1350 (E.D.N.Y.1983), the court noted that, "... Rule 14 actions are normally interpreted to allow claims even though

they do not allege the same cause of action or the same theory of liability as the original complaint." Indeed, impleader should be allowed if the third party complaint arises out of the same set of operative facts, and "if under some construction of facts which might be adduced at trial, recovery might be possible." Tiesler v. Martin Paint Stores, Inc., 76 F.R.D. 640, 643 (E.D.Pa.1977). "Dismissal is not favored unless it appears that in no event would the pleader be able to prove an actionable claim." Parr v. Great Lake's Express Co., 484 F.2d 767, 770 (7th Cir.1973). It is of no import that the defendants' liability is premised upon a federal statute, and the liability of the third party defendants is derived from state law. See, Kennedy v. Pennsylvania Railroad Co., 282 F.2d 705 (3rd Cir.1960) (original complaint based on Federal Employers' Liability Act and third party complaint based on various state law claims). Hence, if there is any possible scenario under which the third party defendants may be liable for all or part of the defendants' liability to the plaintiffs, the third party complaint should be allowed to stand.

■ Under Rule 14(a), a third party may be impleaded only if the third party "is or may be liable to him [the original defendant] for all or part of the plaintiff's claim against him." In this case, the defendants may be liable to the plaintiffs for the death of the decedent, Mercedes Banks, because of the defendants' alleged inadequate supervision, procedures, equipment and improper jail design. The defendants allege that Ms. Banks' death was due, at least in part, to the presence of highly dangerous polyurethane filling in the mattress which was sold, distributed and manufactured by the third party defendants. Due to the presence of this dangerous filling, defendants assert that the fire spread too quickly to allow the decedent to be rescued. One determination that a jury might make is that the tortious actions of the third party defendants are, in whole or in part, responsible for the decedent's death, and that the defendants should therefore be relieved of

liability to the plaintiffs to that extent. Therefore, since it is possible that the third party defendants may be all or partially liable to the defendants for the plaintiffs' claim against the defendants, impleader is appropriate under Rule 14.

THIRD PARTY COMPLAINT—FIRST CLAIM

■ The first claim in the third party complaint is entitled "First Claim for Relief [Indemnification]". In relevant part, this cause of action provides, "[i]n the event that plaintiffs recover damages from defendant and third party plaintiffs, the third party plaintiffs are entitled ... to be indemnified in the amount of said damages...." Nowhere in this claim do the defendants set forth a clear legal theory upon which to base this plea for indemnification.

■ It is well settled that Rule 14 "creates no substantive rights to reimbursement, contribution or indemnity, but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of original claim." *Cox v. E.I. DuPont de Nemours and Company,* 269 F.Supp. 176, 178 (D.S.C.1967). In this case, the substantive rights are governed not by federal law, since § 1983 does not create a claim for indemnification, but by state law. The first claim neglects to put forth a legal theory for indemnification, and must be dismissed. To the extent that the first claim seeks indemnification under § 1983, it is dismissed, as per the discussion *supra,* regarding *Valdez* and *Northwest Airlines,* and only the remaining seven state law claims shall be permitted to stand.

CONCLUSION

In the third party complaint, the defendants seek indemnification or contribution based on various state law causes of action, and, apparently, one federal claim. Although the defendants may not seek indemnification based directly on § 1983, the defendants may seek indemnification based on their state law causes of action—i.e., claims two through eight. Because California state law permits both indemnification and contribution, and the requirements of Rule 14(a) have been satisfied, defendants have stated viable claims. The question of whether indemnification or contribution would be more appropriate in this case, and the precise form that either might take, need not be decided at this time. These issues were not briefed by the parties and were not discussed at oral argument.

For the foregoing reasons, IT IS HEREBY ORDERED THAT the third party defendants' motion for judgment on the pleadings is DENIED, except as to the defendants' first claim for relief which is hereby DISMISSED.