**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN N. HOWARD, | No. 12-56640 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-02535-AJB-RBB |
| v. | |
| BYRON HIBSHMAN; et al., | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted February 14, 2014**
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.***

Appellants seek review of an order of the district court granting in part and

denying in part their motion for summary judgment.  In response, Appellee raises a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

number of challenges to the proceedings below, styled as a "cross-appeal." We dismiss both appeals.

1.     The district court correctly concluded that Appellants' Motion For Summary Judgment or Partial Summary Judgment offered no arguments regarding qualified immunity on Appellee's claim under 42 U.S.C. § 1983 of alleged violations of his substantive due process rights. Rather, qualified immunity was first requested in Appellants' Motion For Reconsideration and Clarification of Order and Judgment—an improper vehicle for such a request. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Because Appellants' arguments were never properly presented to the district court, Appellants were never denied qualified immunity on Appellee's substantive due process claim—rather, the district court merely denied Appellants' motion for reconsideration, reasoning that it could not reconsider an issue that had not previously been adjudicated. As such, we lack jurisdiction over Appellants' appeal under the collateral order doctrine. *See Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1264 (9th Cir. 2010).

2.     We cannot consider the other issues raised by Appellants on appeal and Appellee in his "cross-appeal" because the district court's adjudication of the remaining issues does not constitute an immediately appealable final order. *See*

*Mueller v. Auker*, 576 F.3d 979, 987 (9th Cir. 2009) (discussing the attributes of an immediately appealable final order); *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) ("Orders granting partial summary judgment are, absent special circumstances, not appealable final orders . . . ."). Pendent appellate jurisdiction is similarly unavailable. *See Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000).

**DISMISSED.**