FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNDA BUTLER,

              Plaintiff - Appellant,

  v.

WINCO FOODS, LLC and BRYAN
MILLER,

              Defendants - Appellees.

No. 13-55862

D.C. No. 5:12-cv-00980-PA-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 8, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

     Lynda Butler appeals the district court's dismissal of her claim brought

under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.

Butler challenges WinCo Foods, LLC's (WinCo) store-wide policy prohibiting

service animals from riding in its grocery carts. After the district court denied

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Butler's motion for summary judgment on her ADA claim, and granted in part and denied in part WinCo's cross-motion for summary judgment on that claim, WinCo offered Butler an individual exception to its policy, which would permit her to place her service animal in the grocery cart while shopping as long as the animal was in a carrier. The district court dismissed Butler's ADA claim, and declined to exercise jurisdiction over her supplemental state law claims, reasoning that because WinCo offered Butler an exception to its service animal policy, Butler's ADA claim is moot. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's dismissal of Butler's ADA claim.

1. The district court erred by concluding that Butler's ADA claim is moot based on the exception WinCo offered her to its service animal policy. Butler's ADA claim falls within the "voluntary cessation" exception to the mootness doctrine. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case."). WinCo only made its concession to Butler following the district court's denial in part of WinCo's motion for summary judgment, finding factual issues in dispute as to Butler's ADA claim. *See id.*

WinCo must show that it is "absolutely clear" that it "could not reasonably be expected" to revoke the exception or continue to enforce the allegedly improper policy against Butler. *See id.* at 190 ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."); *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010). WinCo has not met its burden. WinCo proffers the declaration of its manager, Steve Behn, who states that a memorandum is posted in the breakroom informing employees of the exception; that employees are being trained to grant Butler the exception; and that WinCo "has no intention of revoking the exception to the policy." However, WinCo's allegedly improper service animal policy remains in place, and WinCo maintains the position that the policy need not be changed. And, although WinCo employees are presently being trained to grant Butler an exception to the policy, it is not "absolutely clear" that such training cannot reasonably be expected to cease. *See Friends of the Earth,* 528 U.S. at 190; *Am. Cargo Transp., Inc.*, 625 F.3d at 1179. The exception offered to Butler is not sufficiently entrenched and permanent, such that Butler's ADA claim is rendered moot. *See Bell v. City of Boise*, 709 F.3d 890, 900 (9th Cir. 2013).

Because the district court erred in dismissing Butler's ADA claim as moot, we remand to the district court to reconsider whether to exercise supplemental jurisdiction over Butler's state law claims. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012); *see also* 28 U.S.C. § 1367(a), (c).

2.   We lack jurisdiction to address the district court's denial of Butler's motion for summary judgment. *See Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1264 (9th Cir. 2010); *Burke v. Ernest W. Hahn, Inc.*, 592 F.2d 542, 546 (9th Cir. 1979) ("The denial of a motion for summary judgment is not an appealable order . . . even where an action is incorrectly dismissed by the district court for lack of subject matter jurisdiction.").

**REVERSED and REMANDED in part; DISMISSED in part.**