UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY M. ROMANCHUK, <br><br>        Plaintiff-Appellee, <br><br> v. <br><br> BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND FOOD EMPLOYERS JOINT PENSION TRUST FUND; et al., <br><br>        Defendants-Appellants. | No.   17-56069 <br><br> D.C. No. <br> 2:15-cv-08180-AB-KS <br> Central District of California, <br> Los Angeles <br><br> ORDER |
| GARY M. ROMANCHUK, <br><br>        Plaintiff-Appellant, <br><br> v. <br><br> BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND FOOD EMPLOYERS JOINT PENSION TRUST FUND; et al., <br><br>        Defendants-Appellees. | No.   17-56208 <br><br> D.C. No. <br> 2:15-cv-08180-AB-KS |

Before:  RAWLINSON, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellee's unopposed motion to modify the memorandum

disposition is GRANTED.

1

The memorandum disposition filed on February 10, 2021, is amended as follows:

On page five of the memorandum disposition, in the first line, replace "counsel for Romanchuk" with <counsel for the Trustees>.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY M. ROMANCHUK,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND FOOD EMPLOYERS JOINT PENSION TRUST FUND; et al.,<br><br>Defendants-Appellants. | No.  17-56069<br><br>D.C. No.<br>2:15-cv-08180-AB-KS<br><br>AMENDED<br>MEMORANDUM* |
| GARY M. ROMANCHUK,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND FOOD EMPLOYERS JOINT PENSION TRUST FUND; et al.,<br><br>Defendants-Appellees. | No.  17-56208<br><br>D.C. No.<br>2:15-cv-08180-AB-KS |

Appeal from the United States District Court

_____

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted September 29, 2020
Pasadena, California

Before: RAWLINSON, BENNETT, and BADE, Circuit Judges.

The Board of Trustees of the Southern California United Food and Commercial Workers Unions and Food Employers Joint Pension Trust Fund ("Trustees") appeals the district court's denial of the Trustees' motion for summary judgment and remand order. Plaintiff Gary Romanchuk cross-appeals the remand order and the district court's decision not to consider extrinsic evidence in interpreting the Joint Pension Plan ("Plan").

We dismiss for lack of jurisdiction the Trustees' appeal of the denial of summary judgment on the breach of fiduciary duty and equitable estoppel claims because this Court lacks jurisdiction to consider an appeal of a non-final interlocutory order denying summary judgment. *See* 28 U.S.C. § 1291; *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1264 (9th Cir. 2010) ("[A] denial of summary judgment on the basis of an issue of material fact is ordinarily not a final judgment and not a basis for an interlocutory appeal.").

We have jurisdiction over the district court's order remanding to the Plan administrator (the Trustees) pursuant to 28 U.S.C. § 1291. *See Banuelos v. Constr.*

2

*Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 903 (9th Cir. 2004). We affirm in part and vacate in part the district court's remand order, and remand for further proceedings. The district court's remand order instructs the Trustees to construe the Grandfather Clause in accordance with the district court's interpretation, which would likely make Romanchuk eligible for benefits and resolve this claim against the Trustees. We review de novo the district court's "choice and application of the standard of review to decisions by ERISA fiduciaries." *Pannebecker v. Liberty Life Assurance Co.*, 542 F.3d 1213, 1217 (9th Cir. 2008).

The district court correctly determined that the applicable standard for reviewing the Trustees' decision was abuse of discretion. The Plan plainly confers discretion on the Trustees. *See Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1009 (9th Cir. 1997) (en banc) ("[W]hen reviewing the decision of a plan administrator who has discretion, the exercise of that discretion is reviewed . . . for abuse of discretion." (internal quotation marks and citation omitted)).

However, the district court erred in construing the Grandfather Clause based on the litigation posture of the Trustees' counsel, which is not entitled to the same deference afforded to the Trustees' exercise of discretion. *See Jebian v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1104 (9th Cir. 2003) ("Decisions made outside the boundaries of conferred discretion are not exercises of discretion."). The Trustees have not yet interpreted the Grandfather

3

Clause, as Romanchuk did not seek application of the Grandfather Clause during the administrative review process. Instead, the meaning of the Grandfather Clause was raised for the first time during judicial review. In such a case, the appropriate course is to remand Romanchuk's claim for disability retirement benefits to the Plan administrator for consideration of the application of the Grandfather Clause as "we should not allow ourselves to be seduced into making a decision which belongs to the plan administrator in the first instance." *Vizcaino*, 120 F.3d at 1013 (opinion of Fernandez, J.); *see also id.* at 1022 (O'Scannlain, J., concurring in part and dissenting in part) ("[T]he administrator must be given an opportunity to interpret the meaning of plan provisions before the court rules.").[1] The district court's order, which instructs the Trustees to apply the Grandfather Clause according to the court's construction, limits the Trustees' power to make the initial decision on the issue. Thus, we vacate the order.

That said, we understand that this case has already proceeded for many years, during which time Romanchuk has not received the disability benefits he seeks. Because there may be further appeals, we would be remiss if we failed to note the logic of the district court's reasoning, including as to superfluousness.[2] The answers

---

[1] We also note the lack of any "issue exhaustion" requirement in the Plan. *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 631–33 (9th Cir. 2008).

[2] "If, as Defendants argue, a right does not become non-forfeitable until a participant meets all eligibility requirements, it is hard to see any circumstance in which the

4

to the court's questions provided by counsel for the Trustees on this topic (for example, that the Grandfather Clause would not be superfluous if ERISA were repealed, Oral Argument at 11:32–12:07) add to our concern. Counsel also noted during argument, again in response to the court's questions, that the Trustees may have the discretion to grant benefits without construing the Grandfather Clause. Oral Argument at 40:29–41:05. Nonetheless, we leave it to the Trustees to construe the Grandfather Clause in the first instance.

Because we vacate the district court's order, we dismiss the substantive challenges to the court's construction of the Grandfather Clause as moot. We also dismiss as moot Romanchuk's cross-appeal of the district court's failure to consider extrinsic evidence.

The district court is directed to remand this case to the Trustees for proceedings consistent with this memorandum disposition. Costs on appeal are awarded to Plaintiff.

**DISMISSED IN PART, AFFIRMED IN PART, REMANDED IN PART.**

---

Grandfather Clause would apply because a participant would already be entitled to the benefit. Similarly, the plain language of the Grandfather Clause cuts against imputing the definition 'non-forfeitable rights' to the term 'vested rights' because it would render a portion of the Grandfather Clause superfluous." *See Romanchuk v. Bd. of Trs. of the S. Cal. United Food & Commercial Workers Joint Pension Tr. Fund*, No. CV 15-08180-AB (KS), 2017 WL 4679269, at *18 (C.D. Cal. June 29, 2017).